## UNITED STATES of America

### v.

### Ronald R. CARPENTER, Appellant.

### No. 74–1369.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 5, 1974.

Decided Jan. 22, 1975.

David T. Austern, Washington, D. C. (appointed by this Court), for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and David M. Bullock, Asst. U. S. Attys., were on the brief for appellee. Edward D. Ross, Jr., U. S. Atty., also entered an appearance for appellee.

---

Before LUMBARD,* Senior Circuit Judge for the Second Circuit, and McGOWAN and ROBINSON, Circuit Judges.

PER CURIAM:

Ronald R. Carpenter's appeal raises the single point whether the four-count indictment, on which he was convicted after a non-jury trial before Judge June L. Green, should have been dismissed because a transcript of the preliminary hearing testimony of the government's principal witness was unavailable to the defendant at trial, due to the inadvertent recording-over of a tape made of the preliminary hearing pursuant to the United States Magistrate's Act, 18 U.S.C. § 3060(f).[1] As there is no reason to believe that Carpenter's defense was in any way prejudiced by the unavailability of the transcript, we affirm the conviction.

The principal witness against Carpenter was one Louis Avery, an undercover police officer for the narcotics branch of the Metropolitan Police. He testified that on July 13, 1973, he was introduced to Carpenter, who asked him to help sell or cash several United States savings bonds and notes, with a face value of $1,550, which Carpenter said were the proceeds of a Maryland burglary. Avery said he took the notes and bonds and later that day gave Carpenter $275. Carpenter then asked Avery to obtain cash for $140 in stolen American Express traveler's cheques. When Avery returned with the money ($60), Carpenter let him keep half and offered to and gave Avery some cocaine.[2]

As required by 18 U.S.C. § 3060(f), a tape recording was made of the preliminary hearing held before a magistrate on September 24, 1973, at which Avery was the only witness. Carpenter was there represented by Silas Wasserstrom, Esq., of the Public Defender Service of the District of Columbia, which about one month prior to trial notified Carpenter's new counsel of the side and line numbers of the tape recording. Counsel thereupon submitted a voucher request for a transcript of the hearing pursuant to 18 U.S.C. § 3060(f). After some delay, counsel was finally advised by Pro-Typists, Inc., to whom the request had been forwarded by the magistrate's office, that the tape of the hearing had been recorded-over and lost.

On the day of the trial, February 4, 1974, defense counsel moved to dismiss the indictment pursuant to the United States Magistrate's Act, 18 U.S.C. § 3060(f), and the Jencks Act, 18 U.S.C. § 3500, because of the unavailability of the preliminary hearing transcript. No claim was made that the loss of the transcript was due to anything other than inadvertence on the part of the magistrate's office or Pro-Typists, Inc. The district court denied the motion, but at the same time ordered the presence in court of Wasserstrom. He appeared and read the record of Avery's grand jury testimony, which had been made available to the defense, to determine whether it agreed with his notes of the testimony Avery had given on September 24, 1973, at the preliminary hearing. Wasserstrom consulted with defense counsel and then was excused upon the motion of the defense. Although he remained

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Carpenter was convicted of unlawful distribution of a controlled substance (cocaine), 21 U.S.C. § 841(a), and of two counts of receiving stolen property, 22 D.C.Code § 2205. One count for unlawful possession of a controlled substance with intent to distribute was merged into the conviction for distribution. Carpenter was sentenced to concurrent terms of five to fifteen years for the narcotics of-

fense and two to six years for the stolen property conviction.

2. Carpenter's defense at trial was that he never knew of or had the savings bonds, notes or traveler's cheques in question, and that he had never received money from Avery. With regard to the narcotics charge, he maintained that Avery and another person had twice come to his apartment and produced cocaine, which they cut up and offered to him. He maintains that both times he refused.

available as an impeachment witness, he was never called. In denying the motion to dismiss, the district court also was assured that all other Jencks Act material, including police department reports Avery had made shortly after his meetings with Carpenter, had been or would be turned over to the defense, and this was in fact done.

Avery's trial testimony was thus subject to cross-examination based upon notes he had made shortly after the events in question, as well as the grand jury testimony he had given under oath only a month after the preliminary hearing. There was no indication that a transcript of Avery's testimony at the preliminary hearing would have made defense counsel's cross-examination any more effective, as Wasserstrom had gone over the grand jury material in light of his notes and apparently had had nothing to add. Nothing in the record suggests that Avery's trial testimony departed from what he had said before the grand jury or at the preliminary hearing. In these circumstances, the defense was in no way prejudiced.

On this record we find that the trial court was clearly correct in refusing to dismiss the indictment. No public policy would be served by dismissing an indictment where there is no colorable showing of prejudice to the defendant and where no officer or agent of the government has acted deliberately to disadvantage the defendant. Termination of the prosecution of serious offenses under these circumstances would be wholly disproportionate to the failure to produce. Certainly the Magistrate's Act, 18 U.S.C. § 3060(f), which does not even make ex-

press provision for sanctions in the event of loss or erasure of tapes of preliminary hearings, does not require such a result. Nor does the Jencks Act, 18 U.S.C. § 3500, require dismissal, even assuming that it applies where discoverable material is lost by officers or agents of the judicial branch rather than by prosecutorial or investigative personnel.[3] For example, in United States v. Perry, 153 U.S.App.D.C. 89, 471 F.2d 1057 (1972), where the stenographer's notes of a witness's grand jury testimony had been lost by a reporting company which was an agent of the United States Attorney, this court held that the proper sanction to be applied under the Jencks Act was to be determined by balancing the risk of prejudice to the defendant arising from the loss, against the culpability of the government in its entrustment of these notes to the company in question. The court there remanded the case to the district court to determine whether under this standard testimony which had been excluded should have been admitted into evidence. And United States v. Bryant, 142 U.S.App.D.C. 132, 439 F.2d 642, aff'd after remand, 145 U.S.App. D.C. 259, 448 F.2d 1182 (1971), in which this circuit prospectively announced a test stricter than that applied in Perry,[4] does not require dismissal where there is no significant risk of prejudice and where there is no reason to believe that the magistrate's office, which is a neutral party with regard to the investigation and prosecution of an accused, in contrast to the situation involved in Bryant, has not made earnest efforts to preserve preliminary hearing tapes.

Affirmed.

---

3. See United States v. Baker, 358 F.2d 18, 20 (7th Cir.), cert. denied, 385 U.S. 869, 87 S.Ct. 135, 17 L.Ed.2d 96 (1966) (transcription of court reporter's notes of witness's testimony at prior trial is not Jencks Act material).

4. The loss of evidence in Perry had occurred prior to this court's decision in Bryant, making Bryant's prospective test inapplicable.