**UNITED STATES, Appellee,**

v.

**Specialist Four Ravalon A. MATFIELD, SSN 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, United States Army, Appellant.**

**CM 435787.**

U. S. Army Court of Military Review.

17 Feb. 1978.

---

Colonel Robert B. Clarke, JAGC, Captain Buren R. Shields, III, JAGC, Captain Donald R. Jensen, JAGC, and Captain R. Wade Curtis, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, and Captain Lee D. Schinasi, JAGC, were on the pleadings for appellee.

Before FULTON, MOUNTS and TALIAFERRO, JJ.

## OPINION OF THE COURT

TALIFERRO, Judge:

Appellant, charged with assault intentionally inflicting grievous bodily harm, pleaded guilty to the lesser included offense of assault with a means likely to produce grievous bodily harm. He was convicted, nonetheless, in a general court-martial, of the offense charged. His sentence to a bad-conduct discharge, three years confinement and reduction to the grade of E–1 was approved.

Appellant's sole assignment of error is that the military judge erred in denying his request for production of the transcript or tapes of the prior testimony of a government witness, Private Woodruff, recorded at Woodruff's own general court-martial trial some 12 days earlier for the same offense.

The facts surrounding the offense, briefly stated, are as follows. Appellant and Private Woodruff in search of information as to some missing marijuana, had gone to the barracks room of Private Fox, who had been on duty as charge-of-quarters the previous evening, to inquire of Fox what, if anything, he knew about the missing marijuana. After some questioning and conversation, Fox demanded that appellant and Woodruff leave the room, whereupon appellant picked up a standing metal ashtray and swung it, striking Fox on the head and inflicting injuries.

Woodruff was tried first, convicted on 12 November of assault consummated by battery, and had testified at his own trial. At appellant's trial, on 24 November, trial counsel called Woodruff, who had by that time been granted immunity, to testify as a government witness. Prior to appellant's trial, defense counsel had requested of trial counsel a transcript of the testimony of Woodruff at his own trial "if he is to be called as a prosecution witness," to which trial counsel had replied that the transcript was "currently being prepared and is not available to trial counsel at this time."

At appellant's trial, having pleaded guilty to the lesser offense, no motion having preceded the arraignment, and the sole remaining issue being whether the injury was intentionally inflicted, appellant made a request to the military judge, and presented argument thereon, for production of the transcript. Learning that no transcript had yet been prepared, but that tapes of the requested testimony were in the hands of a contract court reporter in San Francisco, appellant alternatively requested production of the tapes. Appellant cited as authority for his request, for either transcript or tapes, the so-called Jencks Act, 18 U.S.C. § 3500. The military judge ruled that appellant's request for transcripts could not be granted as no transcripts existed, and that production of the tapes would not be ordered since appellant had made no previous request or motion and since the tapes were at that time in the hands of a contract court reporter in San Francisco, some distance from the courtroom. The military judge additionally indicated that the Jencks

Act did not apply to testimony at a former trial, however, he took the defense request under advisement until time for the witness to be called. Prior to the time Woodruff was to testify, appellant renewed his request, the military judge learned that defense counsel had sent a legal clerk to Woodruff's earlier trial, to take notes as to what Woodruff had said, and the request was denied.

 A transcript of testimony in a prior trial does not come within the language of the Jencks Act. *United States v. Harris,* 542 F.2d 1283 (7th Cir. 1976); *United States v. Baker,* 358 F.2d 18 (7th Cir. 1966) *cert. denied,* 385 U.S. 869, 87 S.Ct. 135, 17 L.Ed.2d 96 (1966). As to the tapes which were in the hands of the contract court reporter, it has been held that a court reporter does not fall within the category of "an agent of the government," in the language of the Jencks Act. *United States v. Baker, supra.* However, we believe that military due process demands, where the requested matter appears relevant, as here, that the defense be afforded access to such matter by some means. The military judge could easily and quite properly have granted a continuance and required trial counsel to obtain a verbatim extract of the Woodruff testimony. The denial by the military judge, despite his reasons therefor, was an abuse of discretion and was error.

We turn now, as did the Air Force Court of Military Review in *United States v. Haywood,* 41 C.M.R. 939 (A.F.C.M.R.1969), to test for prejudice. In the process of so doing, this Court has obtained, from its own files, the record of trial in the case of *United States v. Woodruff* (No. 435589). The record is summarized, since the sentence did not include a punitive discharge and confinement adjudged was only 30 days. A review of the testimony of Woodruff shows no testimony whatever material to the single remaining issue of whether the injury was intentionally inflicted, nor is any inconsistency noted which might furnish a basis for discrediting the witness on cross-examination. The testimony of Woodruff, both at his own trial and at appellant's trial was so notably favorable, in its entirety, to appellant, that we find no evidence of prejudice to appellant in the denial of his request for transcripts. The record of trial as a whole reveals no evidence of prejudice and the evidence of guilt is overwhelming.

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge MOUNTS concur.