UNITED STATES, Appellee,

v.

Staff Sergeant Victor G. TOLEDO, U.S. Air Force, Appellant.

No. 41,285.

ACM 22835.

U.S. Court of Military Appeals.

April 25, 1983.

For Appellant: *Major William H. Lamb* (argued); *Colonel George R. Stevens, Major Willard K. Lockwood* (on brief).

For Appellee: *Captain Brenda J. Hollis* (argued); *Colonel James P. Porter, Captain Richard O. Ely, II* (on brief); *Colonel Kenneth R. Rengert, Major George D. Cato.*

*Opinion of the Court*

FLETCHER, Judge:

We granted review of appellant's general court-martial[1] on the following issues:

### III

WHETHER THE MILITARY JUDGE ERRED WHEN HE DENIED THE DEFENSE MOTION FOR THE PRODUCTION OF THE TRANSCRIPT OF ROBERT MILLS' TESTIMONY GIVEN AT A FEDERAL CIVILIAN TRIAL.

### VI

WHETHER THE MILITARY JUDGE ERRED BY RULING THAT HE WOULD PERMIT THE GOVERNMENT TO INTRODUCE EVIDENCE OF SPECIFIC ACTS OF MISCONDUCT IF THE

1. Appellant was convicted of a charge and four specifications variously of cocaine use and transfer under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and sentenced to a dishonorable discharge, confine- ment at hard labor for 1 year, forfeiture of $100.00 pay per month for 1 year, and reduction to E-1. The convening authority approved the sentence and the Court of Military Review affirmed.

APPELLANT WERE TO PRESENT EVIDENCE OF GOOD CHARACTER.

## Specified Issue I

WHETHER CHARGING COCAINE UNDER UNIFORM CODE OF MILITARY JUSTICE, ARTICLE 134, FAILED TO ALLEGE A SPECIFIC OFFENSE UNDER THE UNIFORM CODE OF MILITARY JUSTICE AND WAS AN UNCONSTITUTIONAL SELECTIVE APPLICATION OF GENERAL FEDERAL LAW TO MILITARY PERSONNEL.

## Specified Issue II

WHETHER CLASSIFICATION OF COCAINE AS A HABIT-FORMING NARCOTIC FOR PUNISHMENT PURPOSES VIOLATES EQUAL PROTECTION, SINCE THERE IS NO RATIONAL BASIS FOR SUCH CLASSIFICATION.

Inasmuch as the pair of specified issues have been resolved against appellant in *United States v. Ettleson,* 13 M.J. 348 (C.M.A.1982), we limited oral argument to the two granted issues. During the course of appellant's trial, defense counsel requested production by the Government of the testimony given at a prior trial in Federal District Court by the Government's key witness, informant Robert D. Mills. After consideration of this issue, we conclude that the military judge's ruling was in error. As this requires reversal of the charge and specifications under which appellant stands convicted, we need not evaluate Granted Issue VI.

Mills had testified, in two prior federal trials, against appellant regarding unrelated drug offenses. The first trial resulted in mistrial and the second in an acquittal of appellant. As a result of this acquittal, no verbatim transcript of the second trial had been prepared. It was asserted by defense counsel and acknowledged by the Government that the stenographic record from which a transcript of Mills' testimony could be prepared did exist. Trial defense counsel, in his proffer, asserted that he was informed by discussion with the civilian attorney who represented appellant in the prior trial that Mills' testimony there, regarding promises of immunity, was inconsistent with other statements made by him. Defense counsel urged that such inconsistent statements were necessary to impeach Mills and that appellant had no means to obtain a copy of Mills' prior testimony. Thus, he argued that the promises made to Mills required him to cooperate with the Air Force officials and would be directly relevant to Mills' credibility. As a result, trial defense counsel asked the military judge to order the Government to produce a transcript of Mills' federal court testimony for use in cross-examining Mills. This the Judge declined to do.

▮▮▮▮ After careful consideration of the principles involved in the first granted issue, we conclude that military due process required the Government to provide transcripts of Mills' former testimony to be used in effective rebuttal of his testimony in the instant case. It is clear that military law is, in many instances, more liberal than civilian counterpart jurisdictions in granting an accused discovery rights. *See, e.g., United States v. Killebrew,* 9 M.J. 154 (C.M.A. 1980); *cf.* Fed.R.Crim.P. 6(e). In general, the Code provides that appellant "shall have equal opportunity to obtain ... evidence." Article 46, Uniform Code of Military Justice, 10 U.S.C. § 846. When documentary evidence is sought by the accused, it must be shown that the material is relevant to the subject matter of the inquiry and that the request itself is reasonable. *United States v. Franchia,* 13 U.S.C.M.A. 315, 32 C.M.R. 315 (1962). "Relevance and reasonableness of request necessarily depend upon the facts of each case, especially in considering the impact of the trial court's ruling upon the rights of the accused." *Id.* at 320, 32 C.M.R. at 320.

We disagree with the military judge that the relevance of this evidence had not been established. In effect at the time was paragraph 153*b*(2)(c), Manual for Courts-Martial, United States, 1969 (Revised edition), which indicates that "[a] witness may be impeached by showing by any competent

evidence that he made a statement ... inconsistent with his testimony or any part thereof." In his offer of proof, defense counsel averred that Mills had been granted immunity by the Drug Enforcement Agency; that his treatment by the Federal court was conditioned on his cooperation both with that agency and with the Air Force Office of Special Investigations; that Mills' testimony at the prior trial varied from prior statements and testimony, thereby constituting important impeachment evidence; and that said testimony, in the possession of the United States in the form of stenographic recordings, could not be obtained by him for financial reasons.[2]

Under these facts we conclude that the testimony was relevant to the impeachment of Airman Mills' uncorroborated testimony and that the request, under the circumstances, was reasonable. Accordingly, the Government should have provided a transcript of this testimony for his purposes in cross-examining the witness Mills. Failure to do so, in this unique factual circumstances, was prejudicial to appellant.

As the remedy for this error is reversal, we do not address Granted Issue VI. We note, however, applicability of Mil.R.Evid. 404 and 405(b) in the unlikely event that a similar issue should arise during retrial.

The decision of the United States Air Force Court of Military Review is reversed; the findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Judge COOK concurs.

EVERETT, Chief Judge (concurring):

At trial appellant's individual defense counsel moved that the defense be provided with a transcript of testimony given by Airman Robert Mills as a prosecution witness when Toledo had been tried on drug charges in a Federal District Court in Tucson, Arizona. According to counsel, his request that the testimony of Mills be transcribed "could be construed as a Jencks Act request."

Under such a construction, the request was properly denied, for it is well-established that the Jencks Act, 18 U.S.C. § 3500, does not include a transcript of a witness' testimony in a prior trial. *See, e.g., United States v. Harris,* 542 F.2d 1283 (7th Cir.1976); *United States v. Baker,* 358 F.2d 18 (7th Cir.), *cert. denied,* 385 U.S. 869, 87 S.Ct. 135, 17 L.Ed.2d 96 (1966); *United States v. Matfield,* 4 M.J. 843 (A.C.M.R.), *pet. denied,* 5 M.J. 182 (1978). On the other hand, 18 U.S.C. § 3006A, which concerns adequate representation of defendants in Federal district courts, has been held to encompass payments in behalf of an indigent defendant to obtain a transcript of testimony given in prior proceedings in the same case. *See, e.g., United States v. Rosales-Lopez,* 617 F.2d 1349 (9th Cir.1980), *aff'd,* 451 U.S. 182, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981); *United States v. Johnson,* 584 F.2d 148 (6th Cir.1978), *cert. denied,* 440 U.S. 918, 99 S.Ct. 1239, 1240, 59 L.Ed.2d 469 (1979). According to *United States v. Johnson, supra* at 157:

It is well settled that an indigent criminal defendant is entitled to a transcript of prior proceedings, at the government's expense, if it is reasonably necessary to present an effective defense at the subsequent proceeding. The right is both statutory, 18 U.S.C. § 3006A(e)(1), *and constitutional, Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); *see also Bounds v. Smith,* 430 U.S. 817, 822 n. 8, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

(Emphasis added.)

In *United States v. Rosales-Lopez, supra* at 1355, the Court of Appeals observed:

States v. Rosales-Lopez, 617 F.2d 1349 (9th Cir.1980), aff'd, 451 U.S. 182, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981); United States v. Johnson, 584 F.2d 148 (6th Cir.1978), cert. denied, 440 U.S. 918, 99 S.Ct. 1240, 59 L.Ed.2d 469 (1979).

**2.** While we rule that the right to this transcript is based on military due process, we note that federal courts have ruled that adequate representation of indigents includes payments for transcripts of testimony given in prior proceedings in the same case. *See generally United*

The duty of the government to provide an indigent criminal defendant with the essential tools of trial defense is of *both a constitutional and statutory dimension. See generally Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); 18 U.S.C. § 3006A. Under certain circumstances, a transcript of a prior proceeding related to a criminal prosecution may be an item which the government is required to furnish to the indigent. *See Britt v. North Carolina, supra; Roberts v. LaVallee,* 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). Where a mistrial has occurred, courts have generally regarded a transcript of the prior trial as a tool "reasonably necessary" to an effective defense and have deemed it error to refuse to provide the defendant with such a transcript, provided that a timely request is made for its production.

(Emphasis added).

Recently, the North Carolina Supreme Court reversed a conviction because the defendant, an indigent, had been denied equal protection when his request for a transcript of prior proceedings resulting in a mistrial was denied as untimely. *State v. Rankin,* 306 N.C. 712, 295 S.E.2d 416 (1982). The court observed:

> Under *Britt, supra,* a free transcript need not always be provided. Instead, availability is determined by the trial court through the implementation of a two step process which examines (1) whether a transcript is necessary for preparing an effective defense and (2) whether there are alternative devices available to the defendant which are substantially equivalent to a transcript. *Britt, supra.* If the trial court finds there is either no need of a transcript for an effective defense or there is an availa-

ble alternative which is "substantially equivalent" to a transcript, one need not be provided and denial of such a request would not be prejudicial. *Britt, supra. Id.* at 419.

Since the right to a transcript of prior proceedings or to a "substantially equivalent" alternative is constitutional rather than merely statutory, I conclude that it applies to servicemembers tried by courts-martial. *Cf. United States v. Matfield, supra* (military due process). Moreover, consistent with Article 46 of the Uniform Code of Military Justice, 10 U.S.C. § 846, and the absence of indigency tests in military justice, I also am convinced that this right to a transcript is not dependent on a servicemember's ability to pay the fee to which a court reporter would be entitled under 28 U.S.C. § 753(f) or otherwise. Finally, in view of the close relationship between the charges on which Toledo was tried in Federal district court and those on which he was tried by court-martial, I conclude that his entitlement to a transcript is the same as would exist if the prior judicial proceedings had directly involved the charges on which he was being tried by court-martial.

The military judge did not determine that alternative devices were available to appellant which were "substantially equivalent" to the transcript requested by appellant. Furthermore, the Government has not suggested that a *DuBay* * hearing might reveal that "alternative devices" were available to the defense.

Therefore, I concur in the conclusion of the majority opinion that a deprivation of "military due process" resulted from the military judge's ruling. *United States v. Matfield, supra.*

---

* *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).