UNITED STATES, Appellee,

v.

Specialist Five Stephen McDANIEL, SSN 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, United States Army, Appellant.

CM 443324.

U.S. Army Court of Military Review.

21 Oct. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Captain Harry L. Williams, Jr., JAGC, and Captain Michael D. Graham, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Thomas J. Leclair, JAGC, were on the pleadings for appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

YAWN, Judge:

Contrary to his pleas, appellant was convicted of dereliction of duty and larceny, violations of Articles 92 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 921 (1976), respectively.

At the Article 32 * investigation, a battalion legal clerk attempted to record the proceedings on a cassette tape recorder. While preparing to type a summary of the witnesses' testimony, the clerk discovered that some of the tapes were blank, apparently the result of her unfamiliarity with the machine. She notified the defense counsel and investigating officer of her discovery and proceeded to summarize the unrecorded testimony of two witnesses from notes she and the investigating officer had written during the investigation. These notes were destroyed sometime before trial.

Appellant now claims the military judge erred by denying a defense motion to strike the testimony of one of these witnesses, asserting a violation of the Jencks Act, 18 U.S.C. § 3500. This Act requires the Government, upon a defense motion after a witness has testified, to produce any statement of that witness in the possession of the United States relating to the witness's testimony. Appellant argues that the notes were statements within the meaning of the Act, and that their destruction precludes the admissibility of the witness's testimony.

* Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (1976).

Moreover, appellant claims the tapes were also "statements," even though nothing was recorded on them, and contends that the legal clerk's negligence in failing to record the testimony is comparable to the Government's loss or destruction of a statement.

In regard to the tapes, the military judge ruled that since the Government had no obligation to record the testimony, the failure to do so, regardless of any negligence by the legal clerk, does not invoke the Act. He further ruled that the notes of the legal clerk and investigating officer were statements within the meaning of the Act and their destruction violated it. The military judge also held that since the destruction of the notes was in good faith, and the Article 32 report contained a substantial summary of the notes, appellant was not prejudiced.

 We hold that the military judge properly denied this motion. The Jencks Act, of course, is applicable to testimony given at an Article 32 investigation. *United States v. Thomas,* 7 M.J. 655 (A.C.M.R. 1979), *aff'd,* 11 M.J. 135 (C.M.A.1981). The Government's failure to furnish the defense a witness's statement after the witness testifies because the statement has been lost or destroyed may be prejudicial error. *See United States v. Jarrie,* 5 M.J. 193 (C.M.A. 1978). Before the Government can be held accountable for failing to produce a "statement," however, a determination must first be made that a "statement" exists. 18 U.S.C. § 3500(e) defines a "statement" as:

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or

(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

 From the language of the statute, it is clear that the military judge correctly ruled that the tapes were not "statements" within the meaning of the Act. No recording of the testimony existed. Therefore the blank tapes were not statements, and it follows that the Government could not produce what never existed. The military judge erred, however, when he ruled that the notes of the legal clerk and investigating officer were Jencks Act "statements." *Palermo v. United States,* 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). In *Palermo,* the defendant requested production of a memorandum prepared by a Government agent of a conference at which a Government witness responded to questions by agents of the Internal Revenue Service and executed an affidavit. The agent's memorandum was a 600-word summary of a three and one-half hour conference. It was written after the conference and consisted of several brief statements of information given by the witness in response to questions by the agent. It was not a verbatim narrative of the conference but represented the agent's selection of information he deemed appropriate for inclusion in the memorandum. In holding that this memorandum was not a "statement" within the meaning of the Jencks Act, the Court said:

[S]ummaries of an oral statement which evidence substantial selection of material, or which were prepared after the interview without the aid of complete notes, and hence rest on the memory of the agent, are not to be produced. Neither, of course, are statements which contain the agent's interpretations or impressions.

*Id.* at 352–53, 79 S.Ct. at 1225.

In the instant case, the destroyed notes fit nowhere within the definition of a "statement." The witness did not sign the notes; he did not adopt them; he did not approve them; and, insofar as the record shows, he never saw them or knew of their existence. We hold the notes were not "statements" within the meaning of the Jencks Act and that no error was committed when the military judge, albeit for the wrong reason, refused to strike the testimony of the witness in question.

We also hold appellant's other assignment of error is without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge MOUNTS and Judge WERNER concur.